UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                    Date: March 18, 2026

Title   *Kyron Shakeel Swaso v. Kristi Noem et al.*

Present:  The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**PROCEDURAL BACKGROUND**

On February 23, 2026, Petitioner, a citizen of Belize and an immigration detainee now being held at the Adelanto ICE[1] Processing Center West (detainee no. A-243002589), filed the pending Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") challenging: (1) the legality of his detention under the Fourth Amendment based on allegations that he was "detained by ICE agents without [an] administrative warrant"; (2) the legality of his detention under the Fifth Amendment based on an allegedly defective notice to appear, which Petitioenr argues was a substantive due process violation; (3) the legality of his detention genrally under the U.S. Constitution and the Immigration and Nationality Act ("INA"); (4) the length of his detention beyond six months under the INA; and (5) the legality of his detention under the Fifth Amendment based on an alleged procedural due process violation.  (Dkt. No. 1 at 15-18.)

However, in a recently-dismissed habeas action also brought under 28 U.S.C. § 2241 before this Court, presiding District Judge Ramirez Almadani granted a Motion to Dismiss with prejudice based on the first-to-file rule, that is, because Petitioner had already unsuccessfully challenged the legality of his detention in the United States District Court for the Middle District of Georgia in case no. 4:25-cv-11-CDL-AGH ("Georgia Case").

---

[1] U.S. Immigration and Customs Enforcement.

CV-90 (03/15)                    Civil Minutes – General                    Page **1** of **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                   Date: March 18, 2026

Title      *Kyron Shakeel Swaso v. Kristi Noem et al.*

*See Kyron Shakeel Swaso v. Department of Homeland Security*, 2:25-cv-06012-MRA-KS at Dkt. Nos. 40, 42, 43.[2]

Indeed, the Court's review of the docket in the Georgia Case on the Public Access to Court Electronic Records (PACER) system[3] reveals that, on August 21, 2025, the presiding magistrate judge issued a report and recommendation.  *Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH at Dkt. Nos. 17-25.  On September 26, 2025, the presiding district judge in the Georgia Case issued an order adopting the report.  *Id.* at Dkt. No. 28.  On September 29, 2025, the presiding district judge entered judgment dismissing the Georgia Case.  *Id.* at Dkt. No. 29.

**THE GEORGIA CASE**

Petitioner initiated the Georgia Case on January 10, 2025.  *See Kyron Shakeel Swaso v. Department of Homeland Security*, 2:25-cv-06012-MRA-KS, Dkt. No. 29-2 at 4.  In that section 2241 habeas petition, Petitioner asserted three grounds for relief: (1) his arrest was unlawful because there was no probable cause for a stop, search, or seizure; (2) his removal proceedings were improper; and (2) he should not be subject to mandatory detention because he has not committed an aggravated felony.  *Id.* at 4-5.  In the Report and Recommendation issued in that case on August 21, 2025, the assigned Magistrate Judge recommended dismissal of the habeas petition on the following grounds:

- the court lacked subject matter jurisdiction over Petitioner's claims concerning his immigration arrest, as the Immigration and Nationality Act ("INA") specifically provides that federal courts lack jurisdiction "to review claims by petitioners

---

[2]  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a federal court may take judicial notice of its own records in other cases).

[3]  The Court has reviewed the docket for the Georgia Case through the PACER system pursuant to Rule 201 of the Federal Rules of Evidence.  *See Woodson v. Birkholz*, No. CV 22-00041-DMG (GJS), 2022 WL 523994, at *1 (C.D. Cal. Feb. 22, 2022).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                    Date: March 18, 2026

Title      *Kyron Shakeel Swaso v. Kristi Noem et al.*

'arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal[.]'";

- the court lacked subject matter jurisdiction over Petitioner's claims regarding his removal proceedings, as the INA provides that "'Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only' through a petition for review filed with the court of appeals."

- Petitioner's claims concerning the length of his detention were without merit because: (1) Petitioner is not subject to mandatory detention and had received multiple bond hearings before an immigration judge, which satisfied the statutory requirements; and (2) as Petitioner is detained pursuant to a pre-final order of removal under 8 U.S.C. § 1226(a), and not detained for more than six months on a post-final order of removal, he could not state a due process claim – as he attempted to do – under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

*Id.* at 6-13.  As discussed above, on September 26, 2025, the presiding district judge in the Georgia Case issued an order adopting the Magistrate Judge's report and recommendation, and subsequently, on September 29, 2025, entered judgment dismissing the Georgia Case. *Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH at Dkt. Nos. 28, 29.

**LEGAL STANDARD**

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  Referred to as the "first-to-file rule," it "applies when two cases involving 'substantially similar issues and parties' have been filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                             Date: March 18, 2026

Title      _Kyron Shakeel Swaso v. Kristi Noem et al._

different districts."  _In re Bozic_, 888 F.3d 1048, 1051 (9th Cir. 2018) (_quoting Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc._, 787 F.3d 1237, 1239 (9th Cir. 2015)).

Under the first-to-file rule, when two qualifying cases are filed in different districts, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  _Id._ at 1051-52 (_quoting Cedars-Sinai Med. Ctr. v. Shalala_, 125 F.3d 765, 769 (9th Cir. 1997)).  The rule "is intended to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly."  _Kohn Law Grp., Inc._, 787 F.3d at 1239 (_quoting Alltrade, Inc. v. Uniweld Prods., Inc._, 946 F.2d 622, 625 (9th Cir. 1991)) (brackets in original).  It is also "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  _WCDS Buyer, Inc. v. Sohrab_, No. 8:24-cv-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) (_quoting Church of Scientology of California v. U.S. Dep't of Army_, 611 F.2d 738, 750 (9th Cir. 1979), _overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin._, 836 F.3d 987 (9th Cir. 2016)); _see also Melvin v. United States_, No. EDCV 16-800-AG (GJS), 2016 WL 3125703, at *2 (C.D. Cal. May 31, 2016) (dismissing a habeas petition brought under 28 U.S.C. § 2241 based on the first-to-file rule because the petitioner had "duplicative requests for habeas relief pending in two different courts," and ruling that "[a]s comity is not served by allowing this action to proceed in addition to the identical action filed first . . . the Court concludes that this action should be dismissed without prejudice.").

District courts consider "three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues."  _Krikorian v. Post Consumer Brands, LLC_, No. CV 25-2122-JFW (JRPx), 2025 WL 2092825, at *2 (C.D. Cal. June 25, 2025) (citations omitted).  However, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," but is to be more generally considered with a "view to the dictates of sound judicial administration."  _Id._ (_quoting Pacesetter_, 678 F.2d at 95).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                              Date: March 18, 2026

Title      *Kyron Shakeel Swaso v. Kristi Noem et al.*

"In most circumstances, courts have applied the first-to-file rule when the first-filed action is still pending in the district court or was dismissed pending resolution on appeal." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021).  However, "a court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending." *Id.*  Instead, "a court must see if the three pillars supporting the first-to-file rule – economy, consistency, and comity – still warrant a transfer, stay, or dismissal of the subsequently filed action." *Id.*; *see also Kohn Law Grp., Inc.*, 787 F.3d at 1241 ("When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity.") (citation and internal quotation marks omitted); *see also MMAS Research LLC v. Johnson and Johnson Innovative Medicine*, No. 2:25-cv-01057-RGK-SK, 2025 WL 2659226, at *5-6 (C.D. Cal. Aug. 25, 2025) ("the Court finds the three pillars – economy, consistency, and comity – support applying the first-to-file rule in this case" where the first action had been dismissed).

**DISCUSSION**

Here, it appears that application of the first-to-file rule is warranted and favors dismissal of the pending Petition.  The threshold factors to be considered all weigh strongly in favor of dismissal.  There is no dispute concerning the chronology of the two actions; the Georgia Case was filed on January 10, 2025.  *See Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH, Dkt. No. 12 at 5.  The instant habeas case was filed on February 23, 2026.  (Dkt. No. 1.)  This proceeding is clearly the second-filed case and is, therefore, the one that provides the Court with the "discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d at 1051-52; *Cedars-Sinai Med. Ctr.*, 125 F.3d at 769.  Additionally, the parties here are not only similar, but in substance identical to the Georgia Case, those being Petitioner Swaso and Kristi Noem on behalf of the Department of Homeland Security. (Dkt. No. 1); *Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH at Title Page and Dkt. No. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                    Date: March 18, 2026

Title      _Kyron Shakeel Swaso v. Kristi Noem et al._


Moreover, as to the similarity of the issues between the two cases, in the Georgia Case, Petitioner filed a section 2241 habeas petition asserting that his detention was illegal under the Fourth Amendment, that his removal proceedings were improper, and that he should not be subject to mandatory detention. *See Kyron Shakeel Swaso v. Department of Homeland Security*, 2:25-cv-06012-MRA-KS, Dkt. No. 29-2 at 4-5. All three claims were denied by the court in the Georgia Case on the bases that the Court lacked jurisdiction to hear Petitioner's Fourth Amendment claim, lacked jurisdiction to hear his claims concerning his removal proceedings, and that his mandatory detention claim was essentially mistaken because he was not subject to mandatory detention and had received all the legally-required bond hearings. *Id.* at 6-13; *Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH at Dkt. No. 28.

In the current case, Petitioner has filed another section 2241 petition bringing Fourth and Fifth Amendment challenges to his initial and continued detention. (Dkt. No 1 at 15-18.) Therefore, the issues between the two cases appear to be materially identical and are, therefore, sufficient to invoke the first-to-file rule. *Krikorian*, 2025 WL 2092825 at *2.

Additionally, as outlined above, the Georgia Case has now been adjudicated and dismissed. *Swaso v. Department of Homeland Security*, No. 4:25-cv-00011-CDL-AGH at Dkt. Nos. 28, 29. Under these circumstances, while this Court may still apply the first-to-file rule, it must first determine "if the three pillars supporting the first-to-file rule – economy, consistency, and comity – still warrant" dismissal. *Young*, 526 F. Supp. 3d at 706; *Kohn Law Grp., Inc.*, 787 F.3d at 1241; *MMAS Research LLC*, 2025 WL 2659226 at *5-6. Here, all three "pillars" are clearly satisfied. As the Middle District of Georgia has denied Petitioner's claims after the District Judge in that case accepted a thorough, reasoned Report and Recommendation of the assigned magistrate judge in the case, judicial economy would clearly not be served if this Court duplicated those efforts. Similarly, applying the first-to-file rule in this instance completely eliminates the risk of any inconsistent rulings or reasoning between the two courts.

And, relatedly, comity is certainly served to the extent this Court declines to revisit issues already resolved by the Middle District of Georgia. *MMAS Research LLC*, 2025 WL 2659226 at *5-6 (where the parties and issues were similar between the first- and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00980-MRA-KS                                      Date: March 18, 2026

Title      *Kyron Shakeel Swaso v. Kristi Noem et al.*

second-filed case, the Court found that the "three pillars – economy, consistency, and comity – support applying the first-to-file rule in this case."); *see also Young*, 526 F. Supp. 3d at 707 ("[T]he Court finds the three pillars – economy, consistency, and comity – support applying the first-to-file rule in this case, despite that the [first] case is no longer pending. . . . While the Court cannot say for certain, there is little doubt that Plaintiffs and plaintiffs' counsel seek to avoid [the first case's] adverse ruling and to illicit a favorable, yet inconsistent, judgment.  That very conduct is exactly what the first-to-file rule is intended to prevent.  Accordingly, the Court finds that maintaining judicial consistency and federal comity counsels strongly for applying the first-to-file rule.").

**ORDER TO SHOW CAUSE**

Based upon the foregoing, **Petitioner IS ORDERED TO SHOW CAUSE** on or before **April 17, 2026**, why the Court should not dismiss this action for lack of subject matter jurisdiciton based on the first-to-file rule.

**Petitioner may discharge this Order by filing a complete response on or before the April 17, 2026 deadline.  Petitioner's failure to file a timely response will result in a recommendation of dismissal.**

Alternatively, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |